UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN GABRIEL; GEORGE SANTIAGO, *on behalf of themselves and all others similarly situated*,

                            *Plaintiff*,

-against-

SWEETGREEN, INC.,

                            *Defendant*.

**RULE 23 CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

Plaintiff JUAN GABRIEL ("Plaintiff Gabriel") and Plaintiff GEORGE SANTIAGO ("Plaintiff Santiago") (collectively the "Plaintiffs"), on behalf of themselves and all others similarly situated, brings this action for damages and other legal and equitable relief against defendant SWEETGREEN, INC., ("Defendant"), for violations of the New York State Labor Law ("NYLL"), the New York Code of Rules and Regulations ("NYCRR"), the New York Wage Theft Prevention Act, and any other causes of action that can be inferred from the facts set forth herein:

      1.      Plaintiff Juan Gabriel is an adult, over eighteen years old, a citizen of New York State and resides in New York County.

      2.      Plaintiff George Santiago is an adult, over eighteen years old, a citizen of New York State and resides in Kings County.

      3.      Plaintiffs and the proposed class were, throughout their entire employment with Defendant, covered, non-exempt employees within the meaning of the NYLL §190(2).

      4.      Plaintiffs are, and were, entitled to be paid in full for all hours worked, on a weekly basis.

5. Defendant SWEETGREEN, INC., is a foreign business corporation organized and existing under the laws of the State of Delaware with its principal place of business at 3101 WEST EXPOSITION BLVD, LOS ANGELES, CA, 90018.

6. According to the most recent records available from the New York Department of State, Defendant SWEETGREENS, INC., lists for itself a service of process address as follows: COGENCY GLOBAL INC., 122 EAST 42ND STREET, 18TH FLOOR, NEW YORK, NEW YORK, 10168.

7. Defendant SWEETGREEN, INC., with an address of 1728 14TH STREET NW SUITE 400 WASHINGTON DC 2009, is the entity of Plaintiffs' pay stubs.

8. Defendant is considered a large employer, having at least 11 or more employees during the duration of Plaintiffs employment.

9. Defendant maintained control, oversight, and direction over Plaintiffs and the Proposed Class in regard to timekeeping, payroll, and other employment practices, and functioned as an employer pursuant to the NYLL.

10. Defendant, by virtue of ownership, management, and control over the wages and work of Plaintiff and the proposed class, is considered an employer under the NYLL §190(3).

11. Defendant applies the same employment policies, practices, and procedures to all Fast Food Workers in its operation, including policies, practices, and procedures with respect to frequency of payment of wages and uniform maintenance cost.

12. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs, and Plaintiffs and the members of the Proposed Class are citizens of states different from that of Defendant.

13. This court also has diversity jurisdiction over this action pursuant to 28 U.S.C.A. § 1332(a)(1) and (c)(1). There is complete diversity of citizenship between the opposing parties since Plaintiff Gabriel and Plaintiff Santiago reside in New York, other members of proposed class are citizens of New York State, while Defendant is a citizen of Delaware with its headquarters in Los Angeles, California pursuant to § 1332(c)(1).

14. There are over 200 members in the proposed class.

15. Defendant is subject to personal jurisdiction in New York as it does business in New York.

16. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conducts business in this District.

17. Defendant SWEETGREEN, INC., is a fast casual restaurant chain that serves salads in New York State. Upon information and belief, Defendant provides food services for customers in over a dozen other states.

18. Defendant had and continues to have the power to: hire and fire employees; supervise and control employee work schedules or conditions of employment; determine the rate and method of payment; and maintain employment records.

19. All of the below factual allegations are, upon information and belief, consistent among Plaintiffs and all members of the proposed class.

20. Plaintiff Gabriel was hired on or around May 4, 2018 to work at a site located at: 413 Greenwich Street, New York, New York 10013 and 162 N 4th Street, Brooklyn, New York 11211, and remained employed continuously until November 30, 2018.

21. Plaintiff Santiago was hired on or around January 2015, to work at a site located at 413 Greenwich Street, New York, New York 10013, and remained employed until on or around December 1, 2018.

22. Plaintiffs' duties consisted of, but not limited to, ensuring all foods meet good safety and quality standards, washing dishes, cleaning surfaces, maintaining a clean and organized dish and sink area, restocking clean dishes and equipment, and taking out the trash at the dish station.

23. Plaintiff Gabriel was paid bi-weekly.

24. Plaintiff Santiago was paid bi-weekly.

25. Defendant failed to pay Plaintiffs on a timely basis as required by NYLL.

26. Plaintiffs are not in possession of complete records of wages and reserve the right to amend the complaint upon discovery of Defendant's payroll records.

27. Because of Defendant's improper compensation policies, Plaintiffs were deprived of timely pay, in direct violation of the NYLL.

28. Plaintiffs were required to wear a uniform at all times while employed by Defendant.

29. The uniform consisted of a gray shirt and hat emblazoned with Defendant's "Sweetgreen New York" logo on the center shirt and hat.

30. Defendant never offered to reimburse Plaintiff for the cost of maintaining their uniform.

31. Defendants failed to provide uniforms in sufficient quantity for the number of shifts worked each week by Plaintiffs.

32. Plaintiffs' was required to work five days per week, and were furnished with two shirts and one hat throughout the course of their employment.

33. This pattern of conduct was continuous throughout Plaintiff's employment.

34. Defendant's unlawful conduct has been widespread, repeated, and consistent.

**Acute Injuries in Fact Sustained by Plaintiffs as a result of Defendant's Conduct**

35. Plaintiffs and other similarly situated Fast Food Workers employed by Defendant suffered actual and acute injuries as a result of Defendant's failure to pay weekly wages. The timely payment of earned wages were and are crucial to Plaintiffs ability to pay day to day and monthly expenses, especially due to the New York area's high cost of living. Defendant's conduct in paying Plaintiffs wages late throughout his employment resulted in him having to pay bills late on more than one occasion.

36. Defendant's late wage payments also deprived Plaintiffs and other similarly situated Fast Food Workers of the time value of their earned money, resulting in tangible financial loss calculated as interest and in other amounts; and loss in the form of the negative impact on their ability to save, invest, and plan for the future. Defendant reaped large revenues from its customers as a direct result of its Fast Food Workers' labor, taking in millions in annual revenue, while unlawfully withholding from and paying late its employees who are least able to weather these unjust delays.

37. Plaintiffs and other similarly situated Food Food Workers were wrongfully deprived of uniform maintenance pay, and wrongfully forced to bear the cost of maintaining and laundering the required work uniforms.

**RULE 23 CLASS ACTION ALLEGATIONS**

38. The Proposed Class is defined as:

> All current and former Food Food employees who worked for Defendant in the State of New York during the Class Period who were paid an hourly rate on a bi-weekly basis and who were required as a condition of their employment to wear a uniform; were not offered or provided laundering services for the required uniforms; were not provided uniform

maintenance pay or reimbursement; and/or were required to pay for their required uniforms.

39. Plaintiffs hereby state that the Class Period shall to the extent permitted by law be expanded to account for all claims made timely by virtue of Governor Cuomo's March 20, 2020 executive order, Executive Order (A. Cuomo) No. 202.8 (9 NYCRR 8.202.8), and all subsequent and similar order, including but not limited to, Executive Orders 202.14, 202.28, 202.38, 202.48, 202.55, 202.60, 202.67, and 202.72.

40. The members of the Proposed Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

41. There are more than 200 class members and the claims are typical of those other members, in that anyone would seek the same discovery, make the same legal arguments, and rely on the same factual record for summary judgment.

42. Plaintiffs and the Proposed Class have all been injured in that they have been uncompensated, under-compensated, or untimely compensated due to Defendant's common policies, practices, and patterns of conduct.

43. Defendant's corporate-wide policies and practices affected everyone who worked in every store in the same way.

44. Plaintiffs are able to fairly and adequately protect the interests of the Proposed Class and have no interests antagonistic to it.

45. Plaintiffs are represented by attorneys who are experienced and competent to bring this action.

46. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against

corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

47. Common questions of law and fact exist as to the Proposed Class that predominate over any questions only affecting Plaintiffs and/or each member of the New York Class individually and include, but are not limited to, the following:

> 1. What job duties are performed by porters?
>
> 2. What is the frequency of pay for the employee?
>
> 5. Whether Defendant required a uniform?
>
> 6. Whether Defendant laundered or offered to launder the required uniform?
>
> 7. Whether Defendant provided uniform maintenance pay or reimbursement?

## FIRST CAUSE OF ACTION

## ON BEHALF OF PLAINTIFF AND THE CLASS

*Violation of the New York Labor Law* – **Failure to Pay Timely Wages**

48. Plaintiffs re-allege and re-aver each and every allegation and statement contained in the paragraphs above of this Complaint as if fully set forth herein.

49. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiffs and the Proposed Class.

50. Here, Plaintiffs were paid $13.00 per hour and were compensated on a bi-weekly basis.

51. Defendant failed to pay Plaintiffs and Proposed Class on a timely basis as required by NYLL § 191(1)(a), which resulted in an underpayment.

52. Labor Law §198 sets forth the remedies available to a prevailing employee for substantive violations of Article 6.

53. Section 198 provides an award of all unpaid wages; liquidated damages equivalent in the amount of 100% of unpaid wages; prejudgment interest; and attorneys' fee.

54. Due to Defendant's violations of the NYLL, Plaintiffs and the Proposed Class are entitled to recover from Defendant compensatory damages in an amount to be determined in this action, plus the amount of the underpayments caused by their untimely wage payments as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## SECOND CAUSE OF ACTION

## ON BEHALF OF PLAINTIFF AND THE PROPOSED CLASS

*Violation of New York Labor Law* – Uniform Maintenance Pay

55. NYLL defines "Required Uniform" as follows: "A required uniform is that clothing required to be worn while working at the request of an employer, or to comply with any federal, state, city or local law, rule or regulation, except clothing that may be worn as part of an employee's ordinary wardrobe." NYLL §146-3.10.

56. Defendant required Plaintiffs and the Class to wear a uniform consisting of a gray logoed shirt and hat for each shift worked.

57. Plaintiff's and the Class uniforms were issued by Defendant for the expressed benefit of Defendant, and it was a condition of their employment to wear them during each shift.

58. Defendant never paid Plaintiffs any uniform maintenance pay or reimbursement for the cost of maintaining uniforms.

59. Defendant failed to supply sufficient articles of uniform clothing consistent with the average number of days per week worked by Plaintiffs and the Class.

60. Plaintiff Santiago was required to work five days per week, and was furnished with two shirts and one hat throughout the course of his employment.

61. Plaintiff Gabriel was required to work five days per week, and was furnished with two shirts and one hat throughout the course of his employment.

62. Plaintiffs and the Class were required to wear the uniform at all times while employed by the Defendant.

63. Defendant did not, and did not offer, to, wash, iron, dry clean, alter, repair, or perform other maintenance necessary for Plaintiff's or the Class' required uniform.

64. Defendant did not maintain Plaintiff's or the Class' required uniform under the meaning of the New York Labor Law.

65. Defendant did not, and did not offer to, launder the required uniforms free of charge and with reasonable frequency and did not inform Plaintiff or the Class in writing of such service.

66. Defendant never paid any uniform maintenance pay or reimbursement for the cost of maintaining uniforms.

67. Plaintiff's uniform required daily washing.

68. Plaintiffs and the Class routinely spent time off-the-clock and money to clean and maintain their uniforms consistent with the uniform appearance standards Defendant requires.

69. Plaintiffs and the Class are entitled to money spent laundering and maintaining Defendant's uniform.

70. Defendant's conduct is in violation of the New York Labor Law and its supporting regulations, including, but not limited to, the New York Hospitality Industry Wage Order, 12 N.Y.C.R.R. Part 146, and/or the former New York Minimum Wage Order for the Restaurant Industry, 12 N.Y.C.R.R. Part 137.

71. All liquidated and punitive damages are hereby waived.

## THIRD CAUSE OF ACTION

## ON BEHALF OF PLAINTIFF AND THE PROPOSED CLASS

*Violation of New York Labor Law* – **Failure to Provide Wage Notice**

72. Plaintiff realleges and reavers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

73. Defendants have willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as their primary language, containing Plaintiff's rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

74. Through Defendants' knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

75. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars each day that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

## FOURTH CAUSE OF ACTION

## ON BEHALF OF PLAINTIFF AND THE PROPOSED CLASS

*Violation of New York Labor Law* – **Spread of Hours Pay**

76. Defendant employed Plaintiff and the proposed class members within the meaning of New York Labor Law §§2 and 651.

77. New York Labor Law provides that employers are required to pay a "spread of hours" of one (1) additional hour's pay at the basic minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours. New York Labor Law § 146-1.6(a).

78. Upon information and belief, and continuously throughout their employment, Plaintiffs worked shifts in excess of ten hours per day and were not paid required spread of hours pay.

79. At all times relevant to this action, Plaintiff worked a spread of hours of more than ten (10) hours in a day for some or all days, and Defendant failed to pay Plaintiff and the putative class members an additional hour of pay for each such day in violation of the New York Minimum Wage Act, New York Labor Law § 650 et seq., including 12 NYCRR § 146.

80. Defendant knowingly and willfully operate their business with a policy of not paying Plaintiff and the proposed class "spread of hours" for each day that they work a shift in excess of ten (10) hours, in direct violation of the New York State Department of Labor Regulations.

81. Due to Defendants' NYLL violations, Plaintiff are entitled to recover from Defendants, unpaid spread of hours compensation, maximum liquidated damages, prejudgment interest, and attorneys' fees and costs of the action, pursuant to NYLL § 663(1).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, demands judgment against Defendant as follows:

a. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b. Designation of Plaintiffs as representatives of the Class and counsel of record as Class Counsel;

c. Compensatory damages in an amount to be determined in this action;

d. Liquidated damages;

e. An award of civil penalties for the wage notice and wage statement violations;

f. Prejudgment and post-judgment interest;

g. Reasonable attorneys' fees and costs of the action on the basis of being the prevailing party in a NYLL action to recover wage underpayments; and

h. A jury trial on these issues to determine liability and damages;

i. Such other relief as this Court shall deem just and proper.

Dated: November 9, 2022
New York, NY

*Respectfully Submitted,*

Mohammed Gangat, Esq.
LAW OFFICE OF MOHAMMED GANGAT
675 Third Avenue, Suite 1810,
New York, NY 10017
718-669-0714
mgangat@gangatpllc.com

*Attorney for Plaintiffs and the Proposed Class*